1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON CLAUDE EDWARDS,                    No.  2:20-cv-00530 GGH P

12                    Petitioner,

13          v.                                ORDER

14   PLEASANT VALLEY STATE PRISON,

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se.  On March 9, 2020, petitioner filed his

18   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, however, the petition did not

19   contain a current signature by petitioner. Instead, the petition was signed by the petitioner's uncle

20   with an old copied signature of petitioner. Nevertheless, on March 25, 2020, the court ordered

21   service of the petition and ordered petitioner to file "a current signature page attesting to the fact

22   that [petitioner] desires his current signature on the signature page to be appended to, and

23   incorporated into, the petition." ECF No. 6 at 2. Petitioner was granted twenty days from the date

24   of the order to file a signature page. Id. The deadline has now passed, and petitioner has not

25   complied with the court's March 25, 2020 instructions.

26          Parties proceeding without counsel are required to sign all pleadings, motions, and other

27   papers submitted to the court for filing.  Fed. R. Civ. P. 11(a).  Thus, the court is unable to

28   consider the petition unless petitioner signs and re-files the petition.

1    Accordingly, petitioner is provided *one more* opportunity to file a current signature page

2    stating he wishes it to be appended to his pending habeas petition. Failure to submit a signature

3    page will result in a recommendation that this action be dismissed.[1]

4    Good cause appearing, IT IS HEREBY ORDERED that within fourteen days from the

5    date of this order, petitioner shall file a current signature page consistent with the instructions

6    provided above.[2]

7    Dated: May 21, 2020

8                            /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14    /

15

16

17

18

19

20

21

22

23

24

---

25    [1]  Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations
     for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start
26   to run on the date on which the state court judgment became final by the conclusion of direct review or the
     expiration of time for seeking direct review, although the statute of limitations is tolled while a properly
27   filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

28    [2]  By setting this deadline the court is making no finding or representation that the petition is not
     subject to dismissal as untimely.  See 28 U.S.C. § 2244(d).