1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   JASON CLAUDE EDWARDS,

12              Petitioner,                     No. 2:20-cv-00530-TLN-DB

13

14        v.                                    **ORDER**

15   RON GODWIN, Acting Warden,

16              Respondent.

17

18

19

20        Based on a finding of good cause, this Court grants the parties' joint request to (1) stay a

21   portion of this Court's November 19, 2021, judgment requiring the State to re-offer the six-year

22   plea deal or to release petitioner pending completion of the Warden's appeal, and (2) to release

23   Petitioner from the custody of the California Department of Corrections pending completion of

24   the Warden's appeal.

25        Accordingly, this Court STAYS a portion of this Court's November 19, 2021, judgment

26   requiring the State to re-offer the six-year deal or to release Petitioner until completion of the

27   Warden's appeal to the Ninth Circuit (and, if applicable, to the United States Supreme Court).

28

The Court also ORDERS release of Petitioner from the custody of the California Department of Corrections within three days of the filing of this Court's order.  The Court places Petitioner on supervised release for the duration of the Warden's appeal to the Ninth Circuit (and, if applicable, to the United States Supreme Court).  Petitioner's supervised release shall be done by the United States Probation Office and shall be on the following conditions:

**Standard Conditions of Supervision**

1.      Petitioner must report to the probation office in the federal judicial district where Petitioner is authorized to reside within 72 hours of release from imprisonment unless the probation officer instructs Petitioner to report to a different probation office or within a different time frame.

2.      After initially reporting to the probation office, Petitioner will receive instructions from the Court or the probation officer about how and when Petitioner must report to the probation officer, and Petitioner must report to the probation officer as instructed.

3.      Petitioner must reside in the Northern or the Eastern Districts of California at the address approved by the probation officer.  Petitioner must not knowingly leave the federal judicial districts where he is authorized to reside without first getting permission from the Court or the probation officer.  Petitioner must surrender his passport to the Clerk, U. S. District Court, and obtain no passport during the pendency of the Warden's appeal to the Ninth Circuit (and, if applicable, to the United States Supreme Court).

4.      Petitioner must answer truthfully the questions asked by the probation officer.

5.      Petitioner must live at a place approved by the probation officer.  If Petitioner plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.      Petitioner must allow the probation officer to visit him at any time at his home or elsewhere, and he must permit the probation officer to take any items prohibited by the conditions of his supervision that he or she observes in plain view.

7.     Petitioner must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so.  If Petitioner does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so.  If Petitioner plans to change where he works or anything about his work (such as his position or job responsibilities), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Petitioner must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.     Petitioner must not communicate or interact with someone he knows is engaged in criminal activity.  If Petitioner knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.     If Petitioner is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours.

10.     Petitioner must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11.     Petitioner must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

12.     If the probation officer determines that Petitioner poses a risk to another person (including an organization), the probation officer may require Petitioner to notify the person about the risk and Petitioner must comply with that instruction.  The probation officer may contact the person and confirm that Petitioner notified the person about the risk.

13.     Petitioner must follow the instructions of the probation officer related to the conditions of supervision.

**Special Conditions of Supervision**

1.     As directed by the probation officer, Petitioner shall participate in a program of

testing (i.e., breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

2.      As directed by the probation officer, Petitioner shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

3.      Petitioner shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.  Failure to submit to a search may be grounds for revocation.  Petitioner shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4.      Petitioner shall have no contact with known children under the age of 18, unless approved by the probation officer in advance.  Petitioner is not to loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18. This shall include that Petitioner is not to engage in any occupation, either paid or volunteer, that causes him to regularly contact known persons under the age of 18.

5.      Petitioner shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of Petitioner.  Petitioner consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions.  Petitioner consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection; and analysis.

6.      Petitioner consents to having installed on any computer, computer-related device, and equipment, at the Petitioner's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation

4

officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his computer activities.  Petitioner consents to not installing new hardware without the prior approval of the probation officer.

7.    Petitioner shall not possess, own, use, view, or read any material depicting and/or describing sexually explicit conduct involving children, including computer images, pictures, photographs, books, writings, drawings, videos, or video games.  "Sexually explicit conduct" as defined in 18 U.S.C. § 2256(2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

8.    Petitioner shall register as a sex offender pursuant to State law.

9.    Petitioner shall participate in sex offender treatment and services including the use of polygraph examinations.

10.    Petitioner shall participate in the Location Monitoring Program as directed by the probation officer for a period of up to one hundred and eighty (180) days and be monitored by Location monitoring technology at the discretion of the probation officer.  Location monitoring shall be utilized to verify his compliance with a curfew while on the program.  Petitioner is restricted to his residence every day as directed by the probation officer.  Petitioner shall pay all or part of the cost of the program based upon his ability to pay as determined by the probation officer.

11.    Petitioner shall have no contact with the victims in this case.

Finally, the Court orders that the parties submit a status report to this Court within 45 days of the Ninth Circuit's opinion on the Warden's appeal.  At that time, the parties shall notify the Court whether stay of the Court's November 19, 2021, judgment shall continue because of any contemplated petitions for rehearing, petitions for a writ of certiorari to the United States Supreme Court, or for any other reason.

///

///

5

1    IT IS SO ORDERED.

2    DATED:  January 26, 2022

3

4

5    _____
     Troy L. Nunley
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6