# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition to Modify the Conditions or Term of Supervision with Consent of the Person Under Supervision
*(Probation Form 49, Waiver of Hearing, is on file)*

**Name of Person Under Supervision:** Jason Claude Edwards  **Docket Number:** 0972 2:20CV00530-001

**Name of Judicial Officer**:   United States District Judge Troy L. Nunley

**Date of Original Sentence:**   11/19/2021

**Original Offense:** Counts 1, 2, 3, and 4: California Penal Code Section 288.7(b) – Oral Copulation with Child Under the Age of 10 years.

**Original Sentence:** Supervised Release for duration of the Warden's appeal to Ninth Circuit (and, if applicable, to the United States Supreme Court).

**Special Conditions:**

1. Drug/Alcohol Testing
2. Aftercare Co-payment
3. Search - Sex Offender
4. No Contact with Minors
5. Computer Inspection
6. Computer Monitoring
7. Pornography Restriction
8. Registration (sex)
9. Sex Offender Treatment
10. Location Monitoring
11. No Contact with Victims

**Type of Supervision:**   TSR

**Date Supervision Commenced:**   1/28/2022

**Other Court Actions:**

**09/30/2022:**     Prob 12B- Petition to Modify the Conditions or Term of Supervision with Consent of the Person Under Supervision was filed due to Mr. Edwards' unapproved communication with a convicted felon. The Court approved the modification of Mr. Edwards' supervised release conditions to include Special Condition Number 12) Reside in RRC.

---

### PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

13. You will be monitored for a period of 180 days, with location monitoring technology, which may include the use of Radio Frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or Virtual Monitoring Technology, at the discretion of the probation officer, and comply with its requirements.

    The location monitoring technology will be used to monitor the following restriction on your movement in the community:

    > You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities in advance as pre-approved by the supervising officer.(home detention)

    You must follow the rules and regulations of the location monitoring program. Your co-payment will be determined utilizing a Sliding Fee Scale based on your disposable income.

**Justification:** On January 26, 2022, the Court stayed a portion of the Court's Judgment dated November 19, 2021, requiring the State of California to re-offer the six-year plea agreement or to release petitioner Jason Claude Edwards until completion of the California Department of Corrections and Rehabilitation Warden's appeal to the Ninth Circuit (and, if applicable, to the United States Supreme Court). On the same date, the Court ordered Mr. Edwards to be released from the custody of California Department of Corrections and Rehabilitation within three days. The Court also placed Mr. Edwards on a term of supervised release for the duration of the Warden's appeal. On January 28, 2022, Mr. Edwards was released from custody to reside with his mother and stepfather in Clearlake, California, in the Northern District of California.

On September 9, 2022, Mr. Edwards' probation officer, Cristopher Taylor, was informed by his stepfather that Mr. Edwards had been communicating with a convicted felon, Jefferey Line. Mr. Edwards' stepfather then provided the probation officer two letters which were addressed to Mr. Edwards' mother from the

California Pleasant Valley State Prison. These letters were from Mr. Edwards' prior cell mate, Jeffery Line, and were addressed to his mother to circumvent their communication being detected by U.S. Probation and the California Department of Corrections and Rehabilitation Correctional Officers. Mr. Edwards admitted to Officer Taylor he had been communicating with his former cell mate and had been avoiding detection by having his prior cell mate address the letters to his mother who has been giving the letters to him. Officer Taylor had previously denied Mr. Edwards' request to communicate with Mr. Line in January 2022.

On September 30, 2022, the Court approved modifying Mr. Edwards' special conditions to include a residential reentry center placement because his residence was no longer appropriate based on his mother aiding him in communicating with a convicted felon.

On October 4, 2022, Officer Taylor referred Mr. Edwards' to the Bureau of Prisons for residential reentry center placement. On October 5, 2022, the Bureau of Prisons denied the residential reentry center because Mr. Edwards was originally sentenced in the State of California for violation of state crimes and served custody in California Department of Corrections and Rehabilitation. The Bureau of Prisons also indicated "There is no evidence Mr. Edwards violated a federal statute or is serving a federal sentence. Therefore, he cannot be placed in an RRC pursuant to 18 U.S.C. 3563 (b)(11). Although public law housing is thought of as a place for inmates when no other suitable housing options exist, such placement must be pursuant to a federal sentence. According to 18 U.S.C. 3551(a)-(b), terms of incarceration and supervised release can only be imposed for violations of federal (or DC Code) law, with limited exceptions that do not apply here."

On October 6, 2022, our office contacted the Administration Office of the U.S. Courts who began researching Mr. Edwards' term of supervised release and the Bureau of Prisons denial. I also provided documentation which included case law and Federal Criminal Rules and Procedures for appellate matters which supported Mr. Edwards' term of supervised release. Given Mr. Edwards' denial for the residential reentry center and his mother and stepfather's volatile relationship, he moved into a hotel in Clearlake, California. On October 21, 2022, the Administration Office of the U.S. Courts Criminal Law and Policy department confirmed Mr. Edwards' term of supervised release pending his appeal was legal. However, they are continuing to research the issue of residential reentry center placement, and the denial of the Bureau Of Prisons.

In early November 2022, Mr. Edwards secured an apartment of his own. Given the need to hold him accountable for his violation conduct and deter him from similar behavior in the future, it is respectfully recommended he be placed on 180 days home detention. This will allow Officer Taylor to monitor his movement in the community given his risk to the public and allow Mr. Edwards to continue participating in sex offender treatment and maintain his employment.

RE: **Jason Claude Edwards**　　　　　　　　　　　　**Docket Number: 0972 2:20CV00530-001**

Respectfully submitted,

*[signature]*

**Shannon L. Morehouse**
**Supervising United States Probation Officer**
Telephone: 916-930-4383

**DATED:** 11/14/2022

Reviewed by,

*[signature]*

**Sarah Johnson**
**Deputy Chief United States Probation Officer**

**THE COURT ORDERS:**

☒ Modification approved as recommended.

☐ Modification not approved at this time. Probation Officer to contact Court.

☐ Other

**DATED: November 14, 2022**

_____
Troy L. Nunley
United States District Judge

CC:

United States Probation

California Office of Attorney General: Mary A. Dabiza

Petitioner's Legal Counsel: Gene Vorobyov