UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CLAUDE EDWARDS,<br><br>Petitioner,<br><br>v.<br><br>RON GODWIN, Acting Warden.<br><br>Respondent. | No. 2:20-cv-00530-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Respondent Ron Godwin's ("Respondent") Motion for Immediate Remand of Petitioner Jason Claude Edwards ("Petitioner") into State Custody. (ECF No. 54.) Petitioner filed an opposition. (ECF No. 60.) Respondent filed a reply. (ECF No. 61.) For the reasons set forth below, the Court hereby DENIES Respondent's motion.

On March 9, 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of counsel in his state criminal case. (ECF No. 1.) More specifically, Petitioner alleged his counsel failed to communicate a plea offer to him prior to trial that would have resulted in a six-year prison sentence. (ECF No. 30 at 2.) Instead, Petitioner went to trial, was found guilty, and was sentenced to 38 years to life in prison. (*Id.*)

The matter was assigned to a United States Magistrate Judge under the Court's Local Rules. (*Id.* at 1.) On February 18, 2021, the magistrate judge issued findings and


recommendations, recommending the Court grant Petitioner's writ of habeas corpus and order that Petitioner be reoffered the plea deal or released from custody.  (*Id.* at 16.)  On November 19, 2021, the Court adopted the findings and recommendations in full.  (ECF No. 38.)

Respondent appealed on December 13, 2021.  (ECF No. 40.)  On January 26, 2022, the Court granted the parties' joint stipulation to stay the order "until completion of the Warden's appeal to the Ninth Circuit (and, if applicable, to the United States Supreme Court)" and ordered Petitioner be placed on supervised release during that time.  (ECF No. 49.)  On April 13, 2023, the Ninth Circuit issued a memorandum reversing this Court's grant of habeas relief.  (ECF No. 52.)  On August 3, 2023, after the Ninth Circuit denied Petitioner's petition for rehearing, Respondent filed the instant motion for immediate remand of Petitioner into custody.  (ECF No. 54.)  The Ninth Circuit issued its mandate on August 11, 2023.  (ECF No. 59.)

In its motion, Respondent argues remand of Petitioner into state custody is appropriate because the parties' joint stipulation only contemplated Petitioner would be released pending Respondent's appeal to the Ninth Circuit, which has now concluded.  (ECF No. 54 at 2.)  In opposition, Petitioner argues the Court should uphold the release order while he seeks review of the Ninth Circuit's decision in the Supreme Court.  (ECF No. 60 at 4.)  Petitioner filed a petition for a writ of certiorari in the Supreme Court on October 30, 2023.

Federal Rule of Appellate Procedure 23 ("Rule 23") governs the custody or release of a prisoner in a habeas corpus proceeding.  "While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety."  Fed. R. App. P. 23(c).  Further, "[a]n initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued."  Fed. R. App. P. 23(d)

The procedural issue in this case is unusual, and Respondent's briefing on the issue is unpersuasive.  At the outset, Respondent's motion is devoid of any authority.  Respondent's

argument that Petitioner should be remanded is based entirely on the wording of the parties' stipulation. (*See* ECF No. 54.) However, while the stipulation could have been clearer, the Court finds the stipulation can be reasonably interpreted to contemplate that Petitioner would remain released during the entire appeal of this matter, including review by the Supreme Court. This interpretation is supported by Rule 23(c)'s presumption of release. *See Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Moreover, this Court has "broad discretion in conditioning a judgment granting habeas relief," and Rule 23(d) creates a presumption that a district court's release order is correct. *Id*. at 774–75. Respondent's motion fails to address the foregoing authority or any other authority that requires Petitioner's remand into custody pending Supreme Court review of the appeal. While Respondent raises some arguments regarding the interpretation of Rule 23 in reply, Respondent still fails to tether those arguments to sufficient legal authority. In any event, the Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

For the foregoing reasons, the Court DENIES Respondent's motion without prejudice. (ECF No. 54.) The parties are ORDERED to file a joint status report within thirty (30) days of the Supreme Court's ruling on Petitioner's petition for writ of certiorari.

IT IS SO ORDERED.

Date: November 30, 2023

_____
Troy L. Nunley
United States District Judge